CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
RKJ
JUL 07 2008
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 7:94-cr-40106-jlk-7 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **CHARLES EDWARD DODSON** | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |

On March 6, 2008, defendant filed a letter that the court construed as a motion [docket no. 829] seeking a reduction in his base offense level, pursuant to 18 U.S.C. § 3582(c)(2), and a corresponding reduction of his sentence, in light of Amendment 706[1] to the United States Sentencing Guidelines, regarding crack cocaine sentencing. On March 11, 2008, I issued an order [docket no. 835] denying the motion because

> [t]he original imprisonment term of 360 months already represented a departure from the original Guidelines range (whcih [sic] was "LIFE") because the custody range actually increased after a count charged under 18 U.S.C. [§] 924(c) was vacated on remand. Because the bottom of the new, recalculated Guidelines range is 360 months, no change is necessary in this case.

The case is presently before the court upon consideration of defendant's successive motion [docket no. 881] seeking a reduction of his sentence, which the court construes as seeking reconsideration of the order denying his first motion.[2] For the reasons previously stated, the motion

---

[1] This Amendment was presented to Congress on May 1, 2007, as Amendment 9; however, it became effective, on November 1, 2007, as Amendment 706 of the United States Sentencing Guidelines. See U.S. SENTENCING GUIDELINES MANUAL supplement to app. C (2007). Amendment 711 amends Amendment 706 to change the commentary regarding the determination of base offense levels in offenses involving additional controlled substances. Id. Amendment 713 makes Amendment 706 retroactively applicable, effective March 3, 2008. See U.S. SENTENCING GUIDELINES MANUAL supplement to 2007 supplement to app. C (2008).

[2] In the instant motion, defendant claims that his criminal history category should be classified as I, not II, and that "[t]he case at hand has misapplied the defendant's role in the offense, he was only a participant, he lacked any organizer, leader, manager or supervisor roles over another." (Verbatim quote.) Defendant is advised that these assertions challenge the findings stated in his presentence investigation report. The time for lodging objections to the presentence report has long expired. See Fed. R. Crim. P. 32(f). In 1997, defendant's conviction
(continued...)

[docket no. 881] is **DENIED**. Defendant's sentence – essentially the statutory minimum under the amended Guidelines – is within the amended Guideline range, and the denial of the motion reflects the exercise of my discretion.

The Clerk is directed to send certified copies of this order to the defendant and to all counsel of record.

**ENTER:** This 7th day of July, 2008.

Senior United States District Judge

---

²(...continued)
was affirmed in part, vacated in part, and remanded to this court by the United States Court of Appeals for the Fourth Circuit. Defendant was resentenced, and the sentence was affirmed on direct appeal to the Fourth Circuit.
 Defendant is further advised that, as a general matter, there is no right to a hearing and the assistance of counsel on consideration of a motion for reduction of sentence under § 3582(c). See United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) ("A motion pursuant to § 3582(c) 'is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution.'"), quoting United States v. Tidwell, 178 F.3d 946, 949 (7th Cir. 1999).

2