CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
SEP 08 2008
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 7:94cr40106-7 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CHARLES EDWARD DODSON | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |

This matter is before the court upon defendant Charles E. Dodson's motion pursuant to 18 U.S.C. § 3582(c)(2) for recalculation of his guideline pursuant to Amendment 715 to the United States Sentencing Guidelines ("USSG") and a corresponding reduction of his sentence. However, because the amendment is not applicable to Dodson, I will deny his motion.

Section 3582(c)(2) provides that a "modification of an imposed term of imprisonment" is permissible for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statement provides as follows:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). *If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582 is not consistent with this policy statement and thus not authorized.*

U.S.S.G. § 1B1.10(a) (emphasis added). Amendment 715 is listed in section 1B1.10(c) and, therefore, may be applied retroactively on a section 3582 motion. United States v. McHan, 386 F.3d 620 (4th Cir. 2004) (citing United States v. Armstrong, 347 F.3d 905, 909 (5th Cir. 2003). However, the Amendment is not applicable to Dodson. Amendment 715, effective and retroactive as of May 1, 2008, modifies the commentary to § 2D1.1 to revise the manner in which base offense levels are

determined in cases involving cocaine base and one or more other controlled substance, in order to correct a sentencing anomaly affecting the application of Amendment 706. In this case, Dodson's guideline was calculated using cocaine base only and, therefore, Amendment 715 is inapplicable.[1] Accordingly, it is hereby **ORDERED** that Dodson's motion to reduce his sentence pursuant to § 3582(c) [Docket #900] shall be and hereby is **DENIED**.

The Clerk is directed to send a certified copy of this Order to defendant.

**ENTER:** This 8th day of September, 2008.

Senior United States District Judge

---

[1] I note that I previously determined that Dodson was eligible for a reduction pursuant to Amendment 706, however, I declined to reduce his sentence, finding that his sentence of 360 months, based on a departure from his original guideline range of life, remained appropriate.